**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

William & Tammy Sharpe,

        Plaintiffs,

    v.                                   Case No. 2:111-cv-926
                                             JUDGE GRAHAM

PHH Mortgage Corp.,

        Defendant.

<u>ORDER</u>

This matter came before the court on plaintiffs' motion for an emergency temporary injunction of foreclosure eviction, without notice. The eviction, originally scheduled for October 24, 2011, is scheduled for the week of October 31, 2001. The court conducted an telephone conference with counsel on October 19, 2011.

Temporary restraining orders are available under Rule 65(b) of the Federal Rules of Civil Procedure. They are extraordinary remedies that are governed by the same considerations that a court must take into account when examining a motion for a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." <u>Ohio Republican Party v. Brunner</u>, 543 F.3d 357, 361 (6th Cir. 2008); <u>see</u> <u>also</u> <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 129 S.Ct. 365, 374 (2008).

The crux of plaintiffs' legal theory for why the eviction should be enjoined is that defendant made misrepresentations to plaintiffs regarding a loan modification. Plaintiffs believe that they reached an agreement with defendant lowering their monthly obligation on the mortgage. According to plaintiffs, defendant brought the foreclosure proceeding in state court and obtained default judgment despite representing to plaintiffs that they were making the correct monthly payments on their mortgage.

The court concludes that plaintiffs cannot show a likelihood of success on the merits. Plaintiffs'

counsel conceded in the telephone conference that he had raised this very issue of defendant's alleged misrepresentations in state court as grounds for setting aside the foreclosure judgment. The state court rejected this argument as sufficient grounds for setting aside the judgment. The doctrine of collateral estoppel or issue preclusion precludes another court from relitigating an issue between parties previously determined by a court of competent jurisdiction. New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001); Cobbins v. Tenn. Dep't of Transp., 566 F.3d 582, 589-90 (6th Cir. 2009); U.S. v. Vasilakos, 508 F.3d 401, 406 (6th Cir. 2007).

Because the state court has already adjudicated the issue that plaintiffs now bring as the basis for enjoining the eviction, the court DENIES plaintiffs' motion for an emergency temporary injunction of foreclosure eviction, without notice (doc. 3).


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 19, 2011