# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

William & Tammy Sharpe,

    Plaintiffs,

    v.                                      Case No. 2:11-cv-926
                                                JUDGE GRAHAM

PHH Mortgage Corp.,

    Defendant.

## OPINION AND ORDER

Plaintiffs William and Tammy Sharpe bring this action against PHH Mortgage Corporation for alleged wrongdoing relating to plaintiffs' attempt to get a home loan modification. The complaint asserts fifteen claims, including breach of contract, fraud, and various federal and state statutory claims. PHH Mortgage has moved to dismiss the complaint in its entirety. For the reasons stated below, the motion to dismiss is granted.

## I.    Background

The complaint alleges that plaintiffs obtained a mortgage from PHH in 2003 for their residence in Fairfield County, Ohio. In April 2010, upon experiencing a financial hardship, they contacted PHH to discuss a potential loan modification. Plaintiffs were sent paperwork, which they filled out and returned. After discussing their options with PHH, plaintiffs believed that they had worked out a new monthly payment amount, and PHH instructed plaintiffs that they could start making the new monthly payment without fear of foreclosure. Plaintiffs were told in June 2010 that a proposed written loan modification agreement would be mailed to them.

Plaintiffs began making the new monthly payment, but, for reasons not clear from the complaint, the proposed loan modification was never formally executed. PHH filed a foreclosure proceeding in state court in November 2010. After being served with the foreclosure complaint, plaintiffs called PHH and were told that everything would be "worked out." Plaintiffs called PHH again and were told not to worry about the foreclosure complaint and that another loan modification

application would be processed. Plaintiffs received the paperwork again, but the complaint does not state that they ever returned it.

PHH filed a motion for default judgment in the foreclosure action. The state court granted the motion and entered default judgment against plaintiffs on April 15, 2011. Plaintiffs then filed a motion to vacate the judgment, which the state court denied by order of June 13, 2011. A sheriff's sale was scheduled for June 24, 2011.

Plaintiffs filed their complaint in this action on October 17, 2011 and moved for a preliminary injunction to enjoin their eviction from the home. That motion was denied on the grounds that plaintiffs could not demonstrate a likelihood of success on the merits. See Oct. 19, 2011 Order. This matter is now before the court on PHH's motion to dismiss.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his

entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   Discussion

#### A.   Withdrawn Claims

In response to the motion to dismiss, plaintiffs state that they no longer wish to pursue five of their claims: (1) violations of 24 C.F.R. § 201.51; (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f, (3) rescission, (4) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, and (5) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2. The court will consider these claims voluntarily dismissed with prejudice. In addition, the complaint's claim for emergency temporary relief has already been denied.

**B. Ohio Consumer Sales Practices Act**

The Ohio Consumer Sales Practices Act ("OCSPA") prohibits the use of an unfair, deceptive, or unconscionable act in connection with a consumer transaction. O.R.C. §§ 1345.02, 1345.03. The complaint alleges that PHH committed a violation by collecting the adjusted monthly payments under the false pretense that the parties would execute a permanent loan modification.

The allegations fail to raise a plausible inference that PHH acted unfairly, deceptively, or unconscionably. According to the complaint, plaintiffs and PHH tentatively reached a proposed adjusted monthly payment amount in May 2010, subject to execution of a formal written loan modification agreement. See Compl., ¶¶ 8-9, 65 (calling the adjusted monthly payment a "trial" payment and alleging that PHH advised plaintiffs of the need to execute a written agreement). The parties were unable to execute a formal loan modification agreement. Importantly, the complaint is silent on why a modification agreement was not executed. Without any concrete allegations of misconduct on PHH's part in relation to the failed loan modification, the complaint's allegation that PHH's actions were "unfair, deceptive, or unconscionable," see Compl., ¶ 32, amounts to no more than a legal conclusion.

Thus, the OCSPA claim is dismissed.

**C. Fraud**

The fraud claim is likewise without merit. The elements of a fraud claim are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Russ v. TRW, Inc., 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1083-84 (Ohio 1991). Under Rule 9(b), Fed. R. Civ. P., averments of fraud and the circumstances constituting the fraud must be stated with "particularity." To comply with Rule 9(b), "a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"

4

Walburn v. Lockheed Martin Corp., 431 F.3d 966, 972 (6th Cir. 2005) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993)). Scienter may be averred generally and inferred from circumstantial evidence. See Fed. R. Civ. P. 9(b); S.E.C. v. Blackwell, 291 F.Supp.2d 673, 696 (S.D. Ohio 2003).

The complaint alleges that PHH fraudulently led the plaintiffs to believe that they had been granted a loan modification. However, the complaint does not allege with particularity what PHH told plaintiffs that led them to form such a belief. Rather, the complaint states that the parties reached a tentative adjusted monthly payment and that plaintiffs privately formed the belief that they "had been granted a permanent loan modification." Compl., ¶ 8.

In addition to not alleging with particularity any alleged misrepresentations, the complaint fails to raise a plausible inference that plaintiffs' reliance was reasonable. The complaint itself acknowledges that plaintiffs understood that the modification was subject to the parties executing a written agreement. Indeed, an attachment to the complaint shows that plaintiffs had executed such a loan modification agreement in the past with PHH (in 2008), so they understood the need for a signed agreement. See Compl., Ex. B. Again, the complaint is silent on the issue of why a loan modification was never executed, and the complaint's conclusory assertions that PHH fraudulent misled the plaintiffs and that plaintiffs reasonably relied are not sufficient.

The complaint further alleges that PHH committed fraud when it told plaintiffs "not to worry" about the foreclosure action and that everything would be "worked out." Compl., ¶¶ 13, 15. Once again the complaint lacks any particularized allegations of a misrepresentation that PHH made. See Sharma v. Sahota, No. 2000-G-2290, 2001 WL 1480731, at *4 (Ohio Ct. App. Nov. 21, 2001) (vague assurances, standing alone, do not constitute a fraudulent misrepresentation); see also Veilleux v. Nat'l Broad. Co., 206 F.3d 92, 122 (1st Cir. 2000). And the complaint does not support a plausible inference that it was reasonable for plaintiffs to decide not to defend the foreclosure action merely based on generalized assurances that everything would be worked out. In any event, even if plaintiffs did act reasonably in relying on PHH's vaguely optimistic statement that things could be worked out, such reliance did not proximately cause their injury. The complaint acknowledges that PHH advised plaintiffs that they could submit another loan modification application, but the complaint does not state

5

that they did so.

Thus, the fraud claim is dismissed.

**D.     Abuse of Process**

The complaint next asserts a claim for abuse of process, the elements of which are: (1) a legal proceeding was set in motion in proper form and with probable cause; (2) the proceeding was perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer & Rowe Co., 68 Ohio St.3d 294, 298, 626 N.E.2d 115, 118 (Ohio 1994). Abuse of process occurs where a lawsuit is filed to achieve goals outside of the lawsuit or results that the court is powerless to order. Id. It often takes the form of a coercive collateral advantage, "such as the surrender of property or the payment of money, by use of the process as a threat or a club." Robb v. Chagrin Lagoons Yacht Club, 75 Ohio St. 3d 264, 271, 662 N.E.2d 9, 14 (Ohio 1996).

Here, the complaint alleges that PHH filed the foreclosure action to recover judgment on the note and to foreclose on the secured property. See Compl., ¶ 42. This is the exact purpose of a foreclosure action. The complaint fails to identify any ulterior purpose, and the abuse of process claim is dismissed. See McCubbins v. BAC Home Loans Servicing, L.P., No. 2:11-cv-547, 2012 WL 140218, at * 7 (S.D. Ohio Jan. 18, 2012) ("[A]s the alleged ulterior purpose is the very purpose for which a foreclosure action exists, i.e. for obtaining a foreclosure, Count VIII fails to state a claim for abuse of process and must be dismissed.").

Thus, the abuse of process claim is dismissed.

**E.     Conspiracy**

A civil conspiracy is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Williams v. Aetna Fin. Co., 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868 (Ohio 1998). The conspiracy claim in the complaint alleges that PHH had "an internal policy" to collect lowered, adjusted monthly payments from distressed mortgagors like plaintiffs, all the while intending to foreclose on the subject homes. See Compl., ¶ 48. This claim fails because an internal corporate policy cannot satisfy the requirement of a

6

combination of two or more people. See Kerr v. Hurd, 694 F.Supp.2d 817, 834 (S.D. Ohio 2010) (discussing the intracorporate conspiracy doctrine).

Thus, the conspiracy claim is dismissed.

**F.    Negligent Supervision**

The complaint alleges that PHH encouraged its employees to falsely promise to plaintiffs that a loan modification could be worked out. "[A]n underlying requirement in actions for negligent supervision and negligent training is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person." Strock v. Pressnell, 38 Ohio St.3d 207, 217, 527 N.E.2d 1235, 1244 (Ohio 1988). Here, the complaint fails to sufficiently plead that a PHH employee committed fraud, for the reasons stated above.

Thus, the negligent supervision claim is dismissed.

**G.    Breach of Covenant of Good Faith and Fair Dealing**

Every contract carries "an implied duty for the parties to act in good faith and to deal fairly with each other. Any agreement—whether a lease, a secured loan, or something else—has an implied covenant of good faith and fair dealing that requires not only honesty but also reasonableness in the enforcement of the contract." Littlejohn v. Parrish, 163 Ohio App.3d 456, 463, 839 N.E.2d 49, 54 (Ohio Ct. App. 2005). The complaint alleges that PHH breached this implied duty by misleading plaintiffs into believing that their loan payments would be modified.

PHH correctly argues that the implied duty of good faith and fair dealing is not breached merely because plaintiffs experienced financial hardship when PHH exercised its contractual right to pursue foreclosure once plaintiffs defaulted.[1] See Ed Schory & Sons, Inc. v. Soc. Nat'l Bank, 75 Ohio St.3d 433, 444, 662 N.E.2d 1074, 1083 (Ohio 1996) ("[W]hen Francis ran out of money . . . Society offered to lend Francis additional funds. Society, however, was under no obligation to make this offer. Society did nothing more than stand on its right to require payment of Francis's contractual obligations. Thus, we find that Francis's claim for breach of an implied duty of good faith was properly dismissed by the

---

[1] It is uncontested that the state court, in granting default judgment, found that PHH had established that plaintiffs were in default on their mortgage. See Doc. 12, Ex. A.

7

trial court."). Plaintiffs respond that PHH did not act in good faith in offering to modify the loan because it did not intend to approve a permanent modification. However, the court finds – for reasons already stated – that the complaint lacks sufficient allegations to support an inference that the reason the parties did not execute a permanent loan modification was bad faith or dishonesty on the part of PHH.

Thus, the breach of covenant of good faith and fair dealing claim is dismissed.

**H.     Breach of Contract**

The complaint alleges that PHH and plaintiffs reached a binding contract when agreeing to the trial payment and that PHH breached their agreement when a permanent loan modification never materialized. This claim is without merit. Under the applicable statute of frauds, "[n]o party to a loan agreement may bring an action on a loan agreement unless the agreement is in writing and is signed by the party against whom the action is brought or by the authorized representative of the party against whom the action is brought." O.R.C. § 1335.02(B). The complaint itself calls the alleged contract an "oral agreement." Compl., ¶ 9.

Thus, the breach of contract claim is dismissed.

**I.     Promissory Estoppel**

The statute of frauds also warrants dismissal of the claim for promissory estoppel. The complaint alleges that plaintiffs relied to their detriment on PHH's promise to modify the loan. Even though in Ohio the statute of frauds does not automatically apply to promissory estoppel claims, see Niemi v. NHK Spring Co., Ltd., 543 F.3d 294, 304-05 (6th Cir. 2008) (discussing Ohio cases), the statute of frauds for loan agreements precludes any action based on a loan agreement that is not memorialized in writing. O.R.C. § 1335.02(B); see also McCubbins v. BAC Home Loans Servicing, L.P., No. 2:11-cv-547, 2012 WL 140218, at * 3 (S.D. Ohio Jan. 18, 2012) (holding that § 1335.02 applies to a promissory estoppel claim based, as here, on an alleged promise to modify a home loan).

Thus, the promissory estoppel claim is dismissed.

**J.     Unjust Enrichment**

Finally, the complaint alleges that PHH was unjustly enriched because it collected the adjusted

8

monthly payment from plaintiffs. This claim too is without merit. To prevail on such a claim, plaintiffs must show that defendant unjustly retained a benefit conferred by plaintiffs. See <u>Hambelton v. R.G. Barry Corp.</u>, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298, 1302 (Ohio 1984). Here, PHH attempted to accommodate plaintiffs' financial hardship by lowering their monthly payment, subject to approval and execution of a written modification agreement. The complaint does not support a plausible inference that PHH's collection of the lowered payment was either a "benefit" (given that plaintiffs were otherwise obligated to pay a higher amount) or "unjust."

Thus, the unjust enrichment claim is dismissed.

## IV. Conclusion

Accordingly, the defendant's motion to dismiss (doc. 12) is GRANTED and this action is DISMISSED. The Clerk of Court shall enter final judgment in favor of defendant.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 17, 2012